UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24520-ALTMAN

**LUIS CAJAN**,

    *Petitioner*,

v.

**RICKY DIXON, SECRETARY,
DEPARTMENT OF CORRECTIONS**,

    *Respondent.*

_____/

## ORDER

    Our Petitioner, Luis Cajan, has brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, arguing that the judgment and sentence imposed by the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, in Case No. F08-33707 is unconstitutional. *See* Petition [ECF No. 1] at 3. But Cajan previously filed an unsuccessful § 2254 petition attacking this same state-court conviction and sentence. *See Cajan v. Crews*, 2014 WL 12929717, at *12 (S.D. Fla. May 16, 2014) (White, Mag. J.), *report and recommendation adopted*, 2014 WL 12929716 (S.D. Fla. June 3, 2014) (Altonaga, J.). This Petition is, therefore, "second or successive" within the meaning of 28 U.S.C. § 2244(a). And, since the Petitioner did not obtain pre-authorization from the Eleventh Circuit to file this Petition, the Petition must be **DISMISSED** for lack of subject-matter jurisdiction.

### THE LAW

    A prisoner "in custody pursuant to the judgment of a state court" may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in a federal district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a general rule, however, habeas petitioners are prohibited from filing second or successive § 2254 petitions. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an

application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"). A habeas petitioner can only circumvent this bar if he makes "a prima facie showing" that (1) the claim he is raising is "new, meaning that it cannot have been presented in an earlier petition," or (2) the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "the factual predicate underlying the claim . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." *In re Dailey*, 949 F.3d 553, 556–57 (11th Cir. 2020) (quoting 28 U.S.C. § 2244(b)(2)).

But a successive habeas petition can't be filed in the district court as a matter of course. "Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)." *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018). "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition." *Ibid.*; *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without our authorization.").

## ANALYSIS

Cajan's first § 2254 petition "attack[ed] his conviction in sentence in case numbers 08-33707 and 08-33708" and alleged that the trial court "erred by admitting Cajan's involuntary interrogation at trial" and "erred by admitting at trial a DVD of the child victims' hearsay statements." *Cajan*, 2014 WL 12929717, at *1. Magistrate Judge Patrick A. White issued a report and recommendation, finding that both grounds were meritless and "recommend[ing] that this petition for writ of habeas corpus be

denied[.]" *Id.* at \*12. U.S. District Judge Cecilia M. Altonaga overruled Cajan's sole objection, "agree[d] with the analysis and recommendations stated in Judge White's Report," and denied Cajan's habeas petition (as well as his request for a certificate of appealability). *Cajan*, 2014 WL 12929716, at \*2. In this Petition, Cajan *both* attacks the same criminal judgment *and* advances the same claim he raised in his original habeas petition—*viz.*, that the statements he made to law enforcement should not have been admitted at trial because they were involuntary. *See* Petition at 16 ("In sum, the Petitioner's statements were made while he was in custody and attributed to the unlawful actions of the interrogating detective. Had this statement been excluded, this case would have been lawfully decided on the merits.").

Because the Petition "challenges the same state judgment as [Cajan's] first petition, which was denied on the merits," it's second or successive under § 2244. *Miles v. Strickland*, 774 F. App'x 590, 592 (11th Cir. 2019); *see also Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) ("AEDPA's restrictions on second or successive motions are meant to forestall abuse of the writ of habeas corpus, by, for instance, barring successive motions raising habeas claims that could have been raised in earlier motions where there was no legitimate excuse for failure to do so." (cleaned up)). And we "lack jurisdiction" to consider a second or successive § 2254 petition unless the habeas petitioner first applies to the Eleventh Circuit "for permission to file a successive application"—which Cajan hasn't done. *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (citing 28 U.S.C. § 2244(b)(3)(A)).

Although Cajan doesn't squarely address the successiveness of his Petition, he seems to imply that he can overcome this "procedural default" because he's "actually innocent" of the charged offenses. *See* Petition at 10 ("Under this fundamental miscarriage of justice rule, a procedural default will be excused if the Constitutional rights violation has probably resulted in the conviction of one who is actually innocent."). Two problems with this. *One*, there's no "actual innocence" exception to the second or successive rule. "An applicant seeking permission to file a second or successive § 2254

petition" must show either that: (1) there's "a new rule of constitutional law [that] was previously unavailable and has been retroactive to cases on collateral review by the Supreme Court"; or (2) there are "newly discovered facts that, when taken as true, establish a constitutional error." *In re Everett*, 797 F.3d 1282, 1288 (11th Cir. 2015) (citing 28 U.S.C. § 2244(b)(2)). "Actual innocence" is *not* one of the two enumerated exceptions outlined in the statute. *See In re Bolin*, 811 F.3d 403, 411 (11th Cir. 2016) ("[T]he Supreme Court indicated that [the actual-innocence exception] was limited to initial habeas petitions and was not applicable to second or successive petitions." (citing *McQuiggin v. Perkins*, 569 U.S. 383, 396–97 (2013))); *see also In re Hill*, 715 F.3d 284, 301 (11th Cir. 2013) ("To the extent our precedent was previously unclear, we now clarify it—post-AEDPA, there is no [actual innocence] exception to the bar on second or successive habeas corpus petitions[.]").

*Two*, and more importantly, we can *never* consider a successive § 2254 petition unless the "appropriate court of appeals . . . authoriz[es] the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). So, even if there were an "actual innocence" exception to the bar on second or successive petitions, Cajan would still need permission from the U.S. Court of Appeals for the Eleventh Circuit before he could seek habeas relief here. *See Insignares*, 755 F.3d at 1278 ("Insignares did not seek permission to file a successive petition. Therefore, the district judge had jurisdiction to hear his petition only if Insignares's application was not second or successive."). Since Cajan's Petition is successive—and because he filed it without authorization from the Eleventh Circuit—it must be dismissed.

\*    \*    \*

We therefore **ORDER and ADJUDGE** that this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. And, because the Petition is "second or successive," we have no authority to issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without [successive] authorization, the district court lacked subject matter jurisdiction to

consider the successive petition, and therefore could not issue a COA with respect to any of these claims."). All other pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on November 30, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Luis Cajan, *pro se*